Oakley, J.
This was an action of assumpsit for money had and received. It appeared on the trial, that the plaintiff had recovered a judgment for $5000, in an action of trespass de bonis asportatis, against Jera Waterbury, Micaiah Moore and others, (of whom the defendant was not one) but that no execution had been issued, and no satisfaction of the same, or any part of it, had been obtained. It also appeared, that the defendant had received the goods, or a part of them, for the taking of which that action was brought, and that he subsequently sold the goods and received the avails.
The question is, whether this action of assumpsit can be maintained. In Livingston v. Bishop, [1 J. R. 290,] it was decided by the Supreme Court, that when separate actions are brought against joint-trespassers, the plaintiff may recover against each, but shall have but one satisfaction. In Osterhout v. Roberts, [8 Cowen's R. 43,] it was held, that in an action of trover against one defendant, it was no defence that another had been sued in a similar action for the same chattel, and that judgment had ' been obtained, and the party charged on execution, if no actual satisfaction had been received; and that the property of the plaintiff, in the subject matter of the suit, was not changed by the judgment and execution, without satisfaction.
These cases fully establish, that the plaintiff, in the present instance, might maintain an action of trespass against the defendant, if the evidence in the case was sufficient to charge him as a trespasser, and that his property, in the goods in question, was not changed or divested by the judgment obtained by the other trespassers.
It seems also to be well settled, that where trespass or trover will lie, if the wrong doer has converted the property into money, the plaintiff may waive the tort, and bring his action of assumpsit. [2 Com. on Con. 558. Parker v. Norton. 6 D. and E. 695. Lamine v. Dorrell. 2 Ld. Ray, 1216. Allanson v. Atkinson. 1 Mau. and Sel. 587.] It is, however, contended by the *454 defendant, that the plaintiff having made his election in this case to proceed for a tort, is thereby concluded, and that he cannot afterwards affirm the sale of the goods by the defendant, and sue on qle imppe¿ contract arising from the receipt of the money. This might be so, if the defendant had been a party to the action of trespass. It was so held in Ketcham v. Campbell, [3 Wils. 304,] and the reason upon which the principle rests, is there stated to be, that you shall not bring the same cause of action twice to a final determination. Nemo debet bis vexari pro eadem causa ; ¿nd the court say, what is meant by the same cause of action is, where the same evidence will support both actions. It is manifest, that the principle of that case has no application to the present. Here no other action was ever brought against the defendant. It rests upon a different ground altogether from the trespass, and must be supported by different evidence. If it were clear that the defendant could have been sued in an action of trespass, I see no rea son, upon authority or upon principle, why the plaintiff as to him, may not waive the trespass and sue in assumpsit. It is the more favorable action for the defendant, as the recovery must be restricted to the amount actually received.
It is objected by the defendant, that as the value of the goods must have been included in the verdict, in the former cause, if the plaintiff recover here, he may obtain a double satisfaction. The same remark would apply to separate recoveries, on a joint and several bond, or against the maker and endorser of a note, which are cases of daily occurrence. The remedy, in all such cases, is by an application to the equitable power of the court, by way of motion, or if the party prefer it, by an audita querela.
Such would be my view of the case, if the evidence showed that the defendant might have been joined in the action of trespass against Moore and others. But in fact, he does not appear to have been a joint trespasser although he received the goods, and kept them in his possession until the sale ; there is no proof to show that he knew, that they had been taken from the store of the plaintiff; certainly not, that they had been improperly taken. When the defendant sold the goods at auction, they still continued the property of the plaintiff, unless that property was changed by *455 the judgment against the trespassers, who had wrongfully taken them from his possession. Such, upon the authority of the cases . before cited, was not the effect of that judgment. The plaintiff • then had a right to reclaim his goods wherever he could find them. He might have sued the defendant in trover, or he might affirm the sale of the goods by him, and recover the proceeds in this action of assumpsit, The defendant, in fact, never claimed any right to the goods, or their proceeds, but declared he held the latter for the plaintiff or whoever might appear to be entitled to them, after paying a note held by him and his brother against the plaintiff. His subsequent payment of the proceeds of the goods to Moore, who had no right to receive them, cannot exonerate him from his liability to account to the plaintiff.

Judgment for the plaintiff.

[W. P. Hawes, Att'y for the plff. W. Slosson, Att’y for the deft.]
Note.—This cause was twice tried. Upon the first trial, when Moore was offered as a witness, he was objected to by the plaintiff, and excluded by the Judge. The question being brought before the court, a new trial was granted, upon the ground that Moore was improperly rejected. The defendant, did not offer to show that he was intrusted in the goods, but that he was a partner with Sturtevant, and that fact, the court held might be proved by Moore himself.